**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
(516) 826-6500  
Joseph S. Maniscalco, Esq.  
Rachel P. Corcoran, Esq.  
Counsel for Lori Lapin Jones, Chapter 7 Trustee

**Hearing: December 4, 2012 at 11:00 a.m.**  
**Objections Due: November 27, 2012**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------x  

| | |
|---|---|
| In re:<br><br>MEHADRIN KOSHER POULTRY LLC,<br>A/K/A MEHADRIN KP HOLDINGS LLC,<br><br>                              Debtor. | Chapter 7<br>Case No: 12-41802-NHL |

------------------------------------------------------------------x  
LORI LAPIN JONES, as Chapter 7 Trustee of the estate of Mehadrin Kosher Poultry LLC, a/k/a Mehadrin KP Holdings LLC,

                      Plaintiff,

   -against-                                              Adv. Pro. No. 12-1234-NHL

MVP KOSHER FOODS LLC, MVP HOLDINGS I LLC, MKP MANAGEMENT LLC, MORRIS DESIGNS, INC., NASSAU PROPERTIES LLC, NASSAU ENTERPRISES LLC, ABRAHAM WIEDER, SOLOMON WIEDER, MARVIN BIENENFELD, MARK HONIGSFELD, and IRV LANDAU,

                      Defendants.  
------------------------------------------------------------------x  

**NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE, PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, SEEKING APPROVAL OF STIPULATION OF SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND THE DEFENDANTS, RICHARD S. MEZAN AND <u>RICHARD S. MEZAN, P.C.</u>**

        **PLEASE TAKE NOTICE,** that on **December 4, 2012 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, Eastern District of New York, at 271 Cadman Plaza East,

1

Brooklyn, New York 11201, Room 3577, on the motion (the "Motion") of Lori Lapin Jones (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee of the estate of Mehadrin Kosher Poultry LLC a/k/a Mehadrin KP Holdings LLC (the "Debtor"), by her counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation of settlement between the Trustee and each of the defendants in the above-captioned adversary proceeding, Richard S. Mezan, and Richard S. Mezan, P.C. (the "Stipulation"), a copy of which is annexed to the Motion as <u>Exhibit "A"</u>, and granting such other, further and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Joseph S. Maniscalco, Esq., no later than **November 27, 2012** as follows: (a) (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: November 7, 2012
       Wantagh, New York

                          **LaMonica Herbst & Maniscalco, LLP**
                          Counsel to Lori Lapin Jones, as Chapter 7 Trustee

              By:    *s/ Joseph S. Maniscalco*
                         Joseph S. Maniscalco, Esq.
                         A Member of the Firm
                         3305 Jerusalem Avenue, Suite 201
                         Wantagh, New York 11793
                         (516) 826-6500

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP** | **Hearing: December 4, 2012 at 10:00 a.m.** |
| 3305 Jerusalem Avenue, Suite 201 | **Objections Due: November 27, 2012** |
| Wantagh, New York 11793 | |
| (516) 826-6500 | |
| Joseph S. Maniscalco, Esq. | |
| Rachel P. Corcoran, Esq. | |
| Counsel for Lori Lapin Jones, Chapter 7 Trustee | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                                                             Chapter 7
                                                                                                         Case No: 12-41802-NHL
MEHADRIN KOSHER POULTRY LLC,
A/K/A MEHADRIN KP HOLDINGS LLC,

                              Debtor.
-------------------------------------------------------------------x
LORI LAPIN JONES, as Chapter 7 Trustee of the
estate of Mehadrin Kosher Poultry LLC, a/k/a
Mehadrin KP Holdings LLC,

                              Plaintiff,

   -against-                                                                              Adv. Pro. No. 12-1234-NHL

MVP KOSHER FOODS LLC, MVP HOLDINGS I
LLC, MKP MANAGEMENT LLC, MORRIS
DESIGNS, INC., NASSAU PROPERTIES LLC,
NASSAU ENTERPRISES LLC, ABRAHAM
WIEDER, SOLOMON WIEDER, MARVIN
BIENENFELD, MARK HONIGSFELD, and IRV
LANDAU,

                              Defendants.
-------------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE, PURSUANT TO RULE 9019(a) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, SEEKING APPROVAL OF
STIPULATION OF SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND
<u>THE DEFENDANTS, RICHARD S. MEZAN AND RICHARD S. MEZAN, P.C.</u>**

**To:**    **The Honorable Nancy Hershey Lord**
          **United States Bankruptcy Judge**

        Lori Lapin Jones (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee of the estate of

Mehadrin Kosher Poultry LLC a/k/a Mehadrin KP Holdings LLC (the "Debtor"), by her counsel,

LaMonica Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation of settlement between the Trustee and the defendants in the above-captioned adversary proceeding (the "Adversary Proceeding"), Richard S. Mezan, and Richard S. Mezan, P.C. (the "Stipulation"), a copy of which is annexed hereto as Exhibit "A", and granting such other, further and different relief as this Court deems just and proper, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Trustee seeks approval of the Stipulation as being fair and reasonable, and in the best interests of the bankruptcy estate. The Stipulation affects a global resolution of this Adversary Proceeding which is rife with highly contested, complex factual and procedural issues that would necessarily result in time consuming and costly discovery and protracted litigation. Continuation of the Adversary Proceeding may ultimately require a trial on the merits with no assurance of the Trustee's success. In contrast, the Stipulation resolves the Adversary Proceeding, ends expensive discovery, and ensures that the Debtor's estate will receive a significant sum which will provide distributions to holders of allowed claims. The Stipulation represents an appropriate exercise of the Trustee's sound business judgment and falls well above the lowest point in the range of reasonableness. For these reasons, and those set forth below, the Trustee respectfully requests that this Court authorize and approve the Stipulation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this bankruptcy case, Adversary Proceeding, and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief sought herein is Bankruptcy Rule 9019(a).

## BACKGROUND

5. On March 14, 2012 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6. By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated March 14, 2012, Lori Lapin Jones was appointed the interim Chapter 7 Trustee of this estate, and has since duly qualified and is the permanent Chapter 7 Trustee.

### A. Pre-Litigation Discovery and Negotiations

7. Subsequent to her appointment, the Trustee and her professionals investigated the Debtor, its financial affairs, and the various events leading to the bankruptcy filing.

8. On March 27, 2012, the Trustee filed an Application in Support of an Order Directing Production of Documents By, and Oral Examination of, the Debtor, By a Person With Knowledge, Under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Debtor's Rule 2004 Application") [Doc. No. 21].

9. On March 28, 2012, this Court entered an Order granting the Debtor's Rule 2004 Application (the "Debtor's Rule 2004 Order") [Doc. No. 23].

10. Pursuant to the Debtor's Rule 2004 Order, the Debtor produced voluminous documents to counsel to the Trustee who reviewed, analyzed and indexed those documents.

11. The Debtor also granted access to fourteen boxes of documents being held at the offices of Debtor's counsel (the "Additional Boxes"), which Additional Boxes contained

extensive records relating to the Debtor's financial affairs, and which counsel to the Trustee carefully examined and indexed.

13. On April 12, 2012, the Trustee filed eight additional Bankruptcy Rule 2004 applications, seeking production of documents by, and examination of, the following persons and entities: Nassau Enterprises, LLC ("Nassau Enterprises") [Doc. No. 26]; Nassau Properties, LLC ("Nassau Properties") [Doc. No. 27]; Marvin Bienenfeld ("Bienenfeld") [Doc. No. 28]; Ellen Bienenfeld ("Ellen") [Doc. No. 29]; Morris Designs, Inc. ("Morris Designs") [Doc. No. 30]; MVP Kosher Foods, LLC ("MVP Kosher") [Doc. No. 31]; Roth & Company LLP ("Roth") [Doc. No. 32]; and, MKP Management, LLC ("MKP") [Doc. No. 33] (collectively, the "Additional Rule 2004 Applications").

13. On April 13, 2012, this Court entered Orders granting the April Rule 2004 Applications (the "Additional Rule 2004 Orders") [Doc. Nos. 37–44].

14. In response to the Additional Rule 2004 Order, Nassau Enterprises, Nassau Properties, Bienenfeld, Morris Designs, and MVP Kosher produced voluminous responsive documents. Counsel to the Trustee carefully reviewed, analyzed, and indexed those documents.

15. On May 9, 2012, Bienenfeld appeared at offices of counsel to the Trustee and was examined under oath on behalf of himself, Nassau Enterprises, Nassau Properties, and Morris Designs.

16. In addition to investigating the Debtor and its financial affairs through use of Bankruptcy Rule 2004, the Trustee and her counsel engaged in informal discovery with a variety of parties having both knowledge and documents relating to the Debtor's financial affairs.

17. In light of the information gathered by the Trustee through the documents produced and the examination conducted pursuant to the Debtor's Rule 2004 Order and the

Additional Rule 2004 Orders, as well as the informal discovery conducted by the Trustee and her counsel, the Trustee determined that certain transfers of the Debtor's assets may have been fraudulent.

18. Accordingly, the Trustee, through counsel, commenced negotiations and discussions with the Debtor, MVP Kosher, MVP Holdings I LLC ("MVP Holdings"), Nassau Properties, Nassau Enterprises, Morris Designs, Bienenfeld, Abraham Wieder ("Abraham"), Richard S. Mezan, and Mark Honigsfeld ("Honigsfeld"), each through counsel, in order to achieve a consensual resolution of those potential claims.

19. In furtherance of these discussions and negotiations, on June 7, 2012, counsel to the Trustee hosted a global settlement conference at which the Trustee, the Debtor, MVP Kosher, MVP Holdings, Nassau Properties, Nassau Enterprises, Morris Designs, Bienenfeld, Richard S. Mezan, Abraham, and Honigsfeld appeared with counsel, and engaged in discussions and negotiations with the Trustee and her counsel, both individually and on behalf of the various entities.

20. Despite the Trustee's efforts to consensually resolve the various issues and claims that surfaced over the course of the Trustee's investigation into the Debtor and its financial affairs, the parties were initially unable to reach a consensual resolution.

## B.     The Adversary Proceeding

21. By complaint dated August 1, 2012 (the "Complaint"), the Trustee commenced the Adversary Proceeding against defendants MVP Kosher, MVP Holdings, MKP Management LLC ("MKP Management"), Morris Designs, Nassau Properties, Nassau Enterprises, Abraham, Solomon Wieder ("Solomon"), Bienenfeld, Honigsfeld, and Irv Landau ("Landau") (collectively, the "Defendants").

22. In her Complaint, the Trustee asserted numerous claims for relief against the Defendants and on behalf of the estate and all of its creditors, and sought, <u>inter</u> <u>alia</u>, the recovery of money damages, the avoidance of certain transfers, and injunctive relief. In essence, the Trustee alleges that through a complicated series transactions between and among the Defendants and the Debtor, the Debtor's entire business and all of its assets, both tangible and intangible, were transferred improperly to the Defendants at the expense of the Debtor's creditors. The claims asserted involve various theories of breach of duty and fraudulent transfer. The Complaint also asserts a variety of subsidiary claims for relief against the various Defendants. The Defendants, meanwhile, have represented that defenses exist with respect to many of the Trustee's claims for relief.

23. The Complaint is extensive and numbers ninety-eight (98) pages, recites six hundred eighty-four (684) paragraphs, and asserts forty-one (41) claims for relief against the Defendants.

24. The claims for relief encompass federal bankruptcy law, and Pennsylvania statutory and common law. In particular, the Complaints asserts a variety of fraudulent transfer claims under Bankruptcy Code §§ 544 and 548, and sections 5104, 5105 and 5107 of the Pennsylvania Uniform Fraudulent Transfer Act. The Complaint also relies upon the Pennsylvania Limited Liability Company Law of 1994, Pennsylvania Uniform Partnership Act and Pennsylvania common law to assert claims for relief sounding in breach of fiduciary duty, breach of duty of loyalty, waste or diminution of value, tortious interference with an economic opportunity, and improper distributions of dividends. The Complaint also asserts a variety of equitable claims for relief, such as unjust enrichment and recharacterization of loans as equity contributions.

25. On August 3, 2012, the Clerk of the Court issued a summons with respect to the Complaint (the "Summons"), which was thereafter timely served on each of the Defendants, and counsel, where applicable.

26. The Summons required that the Defendants answer or otherwise move with respect to the Complaint by September 4, 2012.

27. The Trustee agreed to extend the Defendants' time to answer or otherwise move with respect to the Complaint to October 5, 2012.

**C.     Settlement Discussions**

28. Subsequent to service of the Summons and Complaint, the settlement discussions recommenced between the Trustee and the Defendants.

29. In particular, the Trustee, the Defendants, Richard S. Mezan and Richard S. Mezan, P.C. (collectively, "Mezan"), and Lee Wallach, in his capacity as Collateral Agent for the holders of certain 8% Secured Notes, Series 10-01 dated December 17, 2010 and December 31, 2002 ("Wallach", and collectively with the Trustee, the Defendants and Mezan, the "Parties"), through their respective counsels, engaged in informal discovery and exchanged documents and information relating to the Complaint.

30. Shortly after the Complaint was filed, the Trustee learned that the facility where the Debtor had previously operated, and where defendant MVP Kosher was operating at the time of filing the Complaint, had closed its doors and ceased operating.

31. In addition to engaging in informal discovery, the Parties, through their respective counsels, engaged in extensive arms' length negotiations and discussions in order to globally resolve the claims asserted in the Complaint.

32. Based upon these discussions and negotiations, the Parties agreed to the Stipulation whereby the Defendants will pay the Trustee the sum of $425,000.00 (the "Settlement Sum") in full and final satisfaction of the claims for relief asserted in the Complaint. The Stipulation is annexed hereto as Exhibit "A".

**D.    The Stipulation**

33. Under the Stipulation, the Settlement Sum is to be paid by the Defendants as follows: (i) $100,000.00 upon execution of this Stipulation (the "Deposit"); and (ii) the balance of $325,000.00 within five (5) business days of the entry of an Order of this Court approving the Stipulation (the "Final Payment"). Accordingly, by the terms of the Stipulation, upon execution, the Defendants transferred the Deposit to the Trustee, which Deposit is being held by the Trustee, pending approval of the Stipulation.

34. The Stipulation provides for broad releases by the Defendants on behalf of the Debtor, the Debtor's estate, and the Trustee. In the event this Court grants the Motion and approves the Stipulation, once the full Settlement Sum clears the Trustee's account and such Order granting this Motion and approving the Stipulation becomes final and non-appealable, each of the Defendants, Mezan, and Wallach shall be deemed to have waived and released any and all claims in and to the Settlement Sum, any and all rights to a distribution of estate assets, and any claims they may have against the Trustee, the Debtor or the Debtor's estate, of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, scheduled or unscheduled, liquidated or unliquidated, known or unknown, suspected or unsuspected, anticipated or unanticipated, or contingent or fixed, except those claims arising as a result of the Stipulation.

35. The Stipulation also provides for a release by the Trustee on behalf of the Defendants. In the event this Court grants the Motion and approves the Stipulation, once the full

Settlement Sum clears the Trustee's account and such Order granting this Motion and approving the Stipulation becomes final and non-appealable, the Trustee, solely in her capacity as such, on behalf of the Debtor's estate (including claims that creditors can bring on behalf of the Debtor's estate) shall be deemed to have waived and released any and all claims the Debtor's estate may have against the Defendants, Mezan, and Wallach, and their respective officers, directors, managers, members, principals, employees, agents, attorneys, heirs, successors, and assigns, of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, scheduled or unscheduled, liquidated or unliquidated, known or unknown, suspected or unsuspected, anticipated or unanticipated, or contingent or fixed, except those claims arising as a result of the Stipulation.

36. Should this Court grant the relief sought by this Motion and approve the Stipulation, the Defendants will be required to make the Final Payment to the Trustee. Once the full Settlement Sum clears the Trustee's account and the Order of this Court granting this Motion and approving the Stipulation becomes final and non-appealable, the Parties shall execute, and the Trustee shall file, a stipulation of discontinuance, with prejudice and without costs to any party, in this Adversary Proceeding.

37. If, however, this Court does not grant the relief sought by this Motion and declines to approve the Stipulation, the Stipulation shall become null and void, and of no further force or effect, and the Defendants shall have thirty (30) days from the date of entry of such Order to file and serve an answer or otherwise move with respect to the Complaint.

38. Moreover, in the event that the Trustee is required to disgorge any portion of the Settlement Sum, the releases provided under the Stipulation, shall be of no force or effect, unless upon sixty (60) days' notice to the Parties, said Parties can make the Trustee whole by paying the

Trustee a sum equal to the amount of the Settlement Sum so disgorged (the "Replacement Sum"). If the Replacement Sum is not paid to the Trustee, the Trustee shall be entitled to reinstate the Adversary Proceeding, subject to certain limitations outlined in the Stipulation.

39.     The Court and all interested parties are respectfully referred to the Stipulation for its precise terms and conditions.

## APPROVAL OF THE STIPULATION IS WARRANTED

40.     By this Motion, the Trustee seeks approval, pursuant to Bankruptcy Rule 9019(a), of the Stipulation as being fair and equitable, and in the best interests of the Debtor's bankruptcy estate. The Trustee submits that the Stipulation far exceeds to lowest level of reasonableness and urges this Court to approve the Stipulation.

41.     In analyzing the Stipulation and Settlement Sum, the Trustee took into consideration the many factual allegations raised in the Complaint and the purported defenses of the Defendants. The Complaint is extensive and complex, and would require a great deal of time and effort to prove each of the claims asserted therein. Indeed, the allegations contained in the Complaint span a time period of many years with the greatest focus on events transpiring two years ago and involving numerous interrelated persons and entities and resulting in myriad of complicated transactions between and among those persons and entities.

42.     Meanwhile, the Defendants have vociferously contested the Trustee's version of the events alleged in the Complaint, claiming, among other things, that each of the transfers of the Debtor's assets contested in the Complaint was proper and made for fair consideration. The Defendants also asserted that extensive loans were made to the Debtor when operations did not sustain expenses. It was alleged that the loans were not repaid to the Defendants.

43.     Overall, it was evident to the Trustee that the Complaint and the claims for relief asserted therein would not lend themselves to summary relief. Rather, lengthy, extensive, and contentious discovery and litigation would undoubtedly be required. Meanwhile, the Trustee is keenly aware that even if she is successful in litigating the claims for relief to judgment against the Defendants, there is no guarantee the Defendants would have the financial means to satisfy any judgment. Indeed, the Trustee is aware of the fact that certain of the Defendants have been subject to judgments that went uncollected in the past, and that the facility at which the Debtor formerly operated, and at which certain of the Defendants have operated, has been shut down, thus cutting off a potential source of recovery for the Trustee.

44.     In contrast, the Stipulation ensures that the Debtor's estate will immediately realize a significant sum. As additional consideration, each of the Defendants, many of whom are scheduled creditors of the Debtor, has agreed to waive and release any claim against the estate for money loaned to the Debtor or due to those Defendants by the Debtor. These waivers will provide a non-economic benefit to the estate by reducing claims and thus providing for a greater distribution to creditors. In the end, the Trustee believes the Settlement Sum is fair and reasonable, and recommends that the Court approve the Stipulation.

45.     Bankruptcy Rule 9019(a) applies to the approval of compromises and settlements and provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In deciding whether to approve a settlement, a bankruptcy court must determine that it is "fair, reasonable and adequately based on the facts and circumstances before the court." In re Rosenberg, 419 B.R. 532, 535 (Bankr. E.D.N.Y. 2009) (internal quotation omitted). In making this assessment, the "court must determine whether the settlement is in the best interests of the estate and whether it

is 'fair and equitable.'" Id. at 536 (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).

46. Courts in the Second Circuit consider such facts as: (a) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (b) the prospect of protracted litigation if the settlement is not approved, as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (c) "the paramount interests of the creditors" and the degree to which creditors support the settlement; (d) "whether the parties in interest support the settlement;" and, (e) whether the settlement was the result of arms' length bargaining. Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007) (citations omitted); see In re Rosenberg, 419 B.R. at 536–37 (quoting Motorola v. Official Comm., 478 F.2d at 462).

47. In assessing whether a settlement should be approved, the "court's responsibility is to 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983)). A focus on the substantive issues is appropriate, but the court need only canvass the issues and is not required to conduct a mini trial. Id. (citations omitted). "The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions." Id. at 523; see In re Adelphia Commc'ns Corp., 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007) (observing that it is well established that "settlements or compromises are favored in bankruptcy and, in fact, encouraged" (citations omitted)).

48. The Trustee submits that the terms of the Stipulation fall well above the lowest point in the range of reasonableness. Significantly, the Stipulation resolves the Parties'

competing arguments with respect to the strength of the claims asserted by the Trustee without need for further discovery or a trial on the merits. In light of the breadth of the Complaint, discovery alone will necessarily require substantial time and expense. Indeed, the Trustee projects that discovery will take many months and require the review and analysis of voluminous documents. Such analysis and review would necessarily require the retention of experts to provide analysis and support for the claims for relief. Moreover, the Trustee intends to depose no less than five additional persons in completing discovery with respect to the Complaint.

49. One particular defense raised by the Defendants is that of insolvency of the Debtor at the time of the contested transfers. The Trustee and her professionals have reviewed innumerable documents that support a finding of insolvency, but for purposes of carrying the Trustee's burden of proof, a more thorough and time consuming analysis by an accounting professional would be required. In light of the somewhat harried state of the Debtor's books and records, and the highly complicated manner in which many of the suspect transactions were structured, such insolvency analysis would undoubtedly require extensive time and expense.

50. Indeed, the factual issues raised by the Complaint and the defenses asserted by the Defendants, including fairness of consideration and matters of intent, are highly complex. In light of the complexity of the factual issues raised by the Complaint and the defenses asserted, it is plain to the Trustee that extensive motion practice would occur before dealing with any of the more poignant claims in the Complaint.

51. Furthermore, and equally compelling for the Trustee's analysis, based upon the discovery completed prior to filing the Complaint, the Trustee became aware that prior to the Debtor's bankruptcy filing, the Debtor and certain of the Defendants were engaged in state and federal court litigations with various third parties. These litigations were rife with motion

practice, regardless of merit, and resulted in judgments against the Debtor and various of the Defendants, which judgments have gone uncollected for years, despite the earnest efforts of the judgment holders.

52. Accordingly, in reviewing the Stipulation and determining whether it was in the best interests of the estate, the Trustee balanced the expense, time, and risk of litigating the Complaint against the immediate gains achieved by the Stipulation. The only definite outcome of litigating the Complaint to judgment is that the estate will incur considerable administrative expenses.

53. In contrast, the Stipulation provides for a global resolution of each of the claims for relief without need to incur further administrative expenses, or expend further time, in litigating the Complaint. Moreover, the Stipulation provides that the Debtor's estate will realize $425,000.00, which will, in turn, provide creditors holding allowed claims a distribution from the Debtor's estate.

54. The Trustee has exercised her sound business judgment to conclude that the Stipulation is in the best interests of the Debtor's estate and creditors, and that the terms of the Stipulation are fair and equitable, and fall well above the lowest point in the range of reasonableness. Accordingly, the Trustee respectfully requests that this Court approve the Stipulation pursuant to Bankruptcy Rule 9019(a).

55. The Trustee intends to serve the Notice of Hearing, Motion and Stipulation by regular mail upon: (a) the Office of the United States Trustee; (b) the Debtor, through counsel; (c) each of the Defendants, through counsel; (d) Mezan; (e) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; (f)

applicable taxing authorities; and (g) all of the creditors listed on the Debtor's schedules and all creditors who have filed proofs of claim.

56. Based upon the foregoing, the Trustee respectfully requests that the Court authorize and approve the Stipulation pursuant to Bankruptcy Rule 9019(a).

57. No prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** for the reasons stated above, the Trustee respectfully requests that the Court grant the relief requested herein, and grant such other, further and different relief as this Court deems just and proper.

Dated: November 7, 2012
      Wantagh, New York

                      **LaMonica Herbst & Maniscalco, LLP**
                      Counsel to Lori Lapin Jones, as Chapter 7 Trustee

            By:    *s/ Joseph S. Maniscalco*
                    Joseph S. Maniscalco, Esq.
                    A Member of the Firm
                    3305 Jerusalem Avenue, Suite 201
                    Wantagh, New York 11793
                    (516) 826-6500